# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR416-352-001 |
| | ) | |
| MICHAEL BEVANS-SILVA | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

The Court granted Michael Bevans-Silva's request, through counsel,[1] for an 18 U.S.C. § 4241 mental-health evaluation to determine whether he is competent to stand trial. Doc. 17. An examination was performed at the Federal Medical Center in Lexington, Kentucky, and Forensic Psychologist Dr. Judith Campbell, Ph.D., issued a report of her

---

[1] Bevans-Silva has sent the Court numerous unsolicited letters and other documents. *See* doc. 19 ("Notice"); doc. 20 ("Motion for Withdrawal of Signature"); doc. 23 (letter), doc. 24 (IRS W-9 form); doc. 25 ("Memorandum"); doc. 29 (United States Office of Personnel Management Ethnicity and Race Identification form); doc. 30 ("Notice of Consent, Personam Refusal, and Rebuttal"); doc. 31 ("Affidavit of Truth in the Nature of a Notice of Duress"); doc. 32 (IRS Assignment of Employer Identification Number); doc. 34 (letter); doc. 37 ("Affidavit of Truth in the Nature of a Notice of Duress and Intent"); doc. 38 ("Memorandum"); doc. 41 (letter). This Court's Local Rules do not permit a criminal defendant who is represented by counsel to file any document *pro se* without prior leave. *See* S.D. Ga. L. Crim. R. 44.2 ("Absent prior leave of Court, a defendant represented by counsel may not file a motion, brief, or other paper *pro se*, except for a motion for the appointment of new counsel or a motion to proceed *pro se*."); *see also Cross v. United States*, 893 F.2d 1287, 1291-92 (11th Cir. 1990) (a defendant who is represented by counsel has no right to act as his own co-counsel, *i.e.* there is no right to "hybrid representation" partly by counsel and partly by defendant). Although voluminous, none of the documents Bevans-Silva has filed seek appointment of new counsel or to proceed *pro se*. To the extent that any of them seeks any other relief, such relief is **DENIED**.

findings. *See* doc. 28. The Court held a competency hearing on August 9, 2017, at which Dr. Campbell testified as the sole witness.

Upon a motion to determine the competency of a defendant to stand trial, "[t]he court shall grant the motion . . . if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241. The Supreme Court has repeatedly recognized that "the criminal trial of an incompetent defendant violates due process." *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996); *Medina v. California*, 505 U.S. 437, 453 (1992); *Drope v. Missouri*, 420 U.S. 162, 171-72 (1975); *Pate v. Robinson*, 383 U.S. 375, 378 (1966). Instead, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam).

Once the issue of competency is raised, the burden of proof falls on the government to show that a defendant is competent. *See United*

*States v. Izquierdo*, 448 F.3d 1269, 1277 (11th Cir. 2006) (despite suggestive Supreme Court precedent to the contrary, "our predecessor court has stated that '[t]here can be no question that in federal criminal cases the *government* has the burden of proving [a] defendant competent to stand trial at the [competency] hearing.'" (quoting *United States v. Makris*, 535 F.2d 899, 906 (5th Cir. 1976)); *United States v. Marbley*, 410 F.2d 294, 295 (5th Cir. 1969); *see also United States v. Young*, 2016 WL 6405842 at * 2 (N.D. Ga. Sept. 21, 2016) ("Although not settled, the Court will assume for purposes of resolving the issue of defendant's competency to stand trial in this case, that it is the government's burden to prove defendant is competent by a preponderance of the evidence." (citing *Izquierdo*, 448 F.3d at 1276-78). *But see, e.g., United States v. Short*, 2017 WL 772343 at * 2 (S.D. Ga. Feb. 28, 2017) ("Defendant is not entitled to a presumption of incompetency, and he assumes the burden of proof to establish his incompetency by a preponderance of the evidence." (citing *Cooper v. Oklahoma*, 517 U.S. 348, 355 (1996); *Battle v. United States*, 419 F.3d 1292, 1298 (11th Cir. 2005))).² Section 4241(d) requires

---

² The Supreme Court has stated that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Cooper*, 517 U.S. at 361. The *Cooper* Court also recognized that the burden of proof would affect the outcome of a competency determination "'only in a narrow class of

the determination of competency to be made by a preponderance of the evidence.

The Government has borne its burden. Dr. Campbell's testimony and report support the conclusion that Bevans-Silva is competent to stand trial.[3] Her report states that Bevans-Silva's presentation of mental-health problems "did not appear genuine, and it appears he feigned cognitive impairment and psychiatric symptoms throughout the course of the evaluation period." Doc. 28 at 12. Further, during his evaluation, "[h]e displayed no unusual gestures, mannerisms, or facial expressions, and no bizarre behavior, agitation, disorganization, or confusion suggestive of severe mental illness." *Id*. at 9. On the contrary, "his thoughts were, logical, sequential, rational, and non-delusional." *Id*.

---

cases where the evidence is in equipoise; that is, where the evidence that a defendant is competent is just as strong as the evidence that he is incompetent.'" *Cooper*, 517 U.S. at 355 (quoting *Medina v. California*, 505 U.S. at 449). Since no such equipoise of evidence is present here, the outcome does not turn on the burden of proof issue.

[3] Dr. Campbell's report was based on observation of Bevans-Silva and administration of diagnostic testing. She noted in her testimony that Bevans-Silva was housed in the same building where her office is located. That coincidence afforded her opportunities to observe Bevans-Silva incidentally, as he left that building to go to the dining hall, for example. She also noted that facility staff are trained to observe inmate's behavior and demeanor and report any concerning behavior to the evaluator. Dr. Campbell reported that both her incidental observations of Bevans-Silva and staff reports of his demeanor were consistent with her ultimate assessment.

Upon cross-examination by defendant's counsel, Dr. Campbell testified about the methodology she used to discount the possibility that Bevans-Silva's self-reported symptoms -- that he hears voices for example -- were indicative of a more serious mental illness. Dr. Campbell explained that she relies on whether a patient *consistently* displays symptoms of a particular mental illness to distinguish genuine from affected symptoms. She explained that Bevans-Silva did not consistently display the symptoms of any particular diagnosis,[4] suggesting that the symptoms he did report were not authentic.

Dr. Campbell's also clearly and convincingly explained the results of several tests that she administered evaluating malingering, *i.e.*, feigning symptoms. She explained that the tests require the subject to answer questions relying on verbal skills or memory. For example, subjects are presented with a word and required to choose one of two responses closest in meaning to the given word. The scoring of the test, then, rests on that alternative presentation. If a subject consistently

---

[4] Her report provides an example of this telling incongruity. It notes that intelligence testing suggested that Bevans-Silva suffered from "significant cognitive impairment." Doc. 28 at 9. But that result was contradicted by his "ability to navigate the institution, utilize the telephone and email system, and manage a commissary account," as well as the "sophisticated use of language, and a clear understanding of court procedures and participants." Doc. 28 at 9.

choses incorrect answers -- beyond the number they would be expected to choose by blind guessing -- that consistency evidences that they are able to identify the correct answer (and so consistently choose the incorrect answer). The subject's consistent selection of an incorrect answer, then, is evidence of deception. Bevans-Silva's performance confirmed Dr. Campbell's assessment that he is a "somewhat resistant, oppositional individual" who "is[, nevertheless,] capable of appreciating the seriousness of his situation, communicating calmly and rationally with his attorney, asserting preferences regarding how his case will be handled and engaging in planning, problem-solving, and decision-making tasks with his attorney should he choose to do so." Doc. 28 at 6, 10.

Based on Dr. Campbell's report and her testimony, therefore, the Court recommends that the District Judge find Bevans-Silva **COMPETENT** to stand trial.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned

"Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __14th__ day of August, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA