# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR416-352-001 |
| | ) | |
| MICHAEL BEVANS-SILVA | ) | |
| | ) | |

## ORDER

This Court recently recommended that the district judge assigned to this case find defendant Michael Bevans-Silva competent to stand trial. Doc. 42. In its Report and Recommendation (R&R), the Court also explained that Bevans-Silva could not file any motions or other papers *pro se* while he is represented by counsel. *Id.* at 1 n. 1. In the less than two weeks since the R&R was filed, he has sent five additional documents to the Clerk for filing. Doc. 44 ("Notice of Request"); doc. 45 ("Unauthorized Use and Administration of My Trust"); doc. 46 ("Notice of Duress"); doc. 47 ("Notice of Authorized Representative"); doc. 48 ("Affidavit of Truth in the Nature of a Rebuttal and Refusal of Consent and Personam").

Unlike his previous filings, several of these documents include statements that suggest, if only ambiguously, Bevans-Silva may wish to

dismiss his appointed counsel and proceed *pro se*. *See* doc. 46 at 1 ("I am writing the courts to imply and express that I michael-reymond:bevans-silva [sic] represent myself in all matters."); doc. 48 (stating that he was "handcuffed, intimidated, coerced, tricked and manipulated (while under duress) to sit next to Laura G. Hastay (*whom is not my Attorney*)." (emphasis added)). Such a request represents a limited exception to the prohibition on *pro se* filings by represented defendants. *See* S.D. Ga. L. Civ. R. 44.2. However, a criminal defendant's waiver of his right to counsel in order to proceed *pro se* is momentous. Thus, Bevans-Silva will have to clarify whether he wishes to make such a request, triggering the process -- imposed by *Faretta v. California*, 422 U.S. 806 (1975), and its progeny -- necessary before allowing self-representation. *See United States v. Garey*, 540 F.3d 1253, 1266 (11th Cir. 2008) (noting that, although an express affirmative assertion of the right to proceed *pro se* is not necessary to waive a defendant's right to counsel, a court would not "err by requiring any particular defendant to make a clear statement of his intention to proceed pro se").

If Bevans-Silva wishes the Court to commence proceedings to consider whether he should be allowed to dismiss appointed counsel and

proceed *pro se*, he or his current counsel must file a motion expressly stating that desire. To the extent that the documents he has filed seek any other relief, such relief is **DENIED**. Doc. 44; doc. 45; doc. 46; doc. 47; doc. 48.

**SO ORDERED**, this 24TH day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA