# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR416-352-001 |
| | ) | |
| MICHAEL BEVANS-SILVA | ) | |
| | ) | |

## ORDER

Before the Court is Michael Bevans-Silva's motion to suppress evidence seized after he was arrested. Doc. 64. The Government opposes. Doc. 67. The Eleventh Circuit has explained that "a trial court may refuse a defendant's request for a suppression hearing and motion to suppress if the defendant fails to allege facts that, if proved, would require the grant of relief." *United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985). Such motions "must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable to court to conclude that a substantial claim is presented." *Id*. Given that standard, Bevans-Silva must clarify his argument before a hearing is warranted.

Police officers encountered Bevans-Silva after a minor traffic accident in Savannah, Georgia. Doc. 64 (Bevans-Silva's brief). When

they entered Bevans-Silva's identification information into their vehicle's computer system, it indicated that he was a "wanted person," regarded as "armed and dangerous" with "violent tendencies." Doc. 64-1 at 4. The report also indicated a "probation or supervised release status" issue. *Id.* The report concerning the "probation or supervised release status" is preceded by a warning "not [to] arrest based on this information" and followed by the instruction to "please contact supervising agency." *Id.*

The Government does not dispute that Bevans-Silva was arrested based on the information contained in the report.[1] *Compare* doc. 64 at 2 (Bevans-Silva's brief alleging he was handcuffed and placed in police car

---

[1] Bevans-Silva points out that video recordings from the arresting officers' body cameras shows that the arrest occurred while "they were awaiting confirmation of the warrant information . . . ." Doc. 64 at 2. That suggests a contention (although it does not make it explicit) that the arrest was based on the probation or supervised release status. Regardless, the officers' subjective reason for the arrest is irrelevant. *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (an arrest is proper if there are objective facts establishing probable cause for arrest, even if the arresting officer stated that he was arresting the defendant for another offense for which he lacked probable cause); *Lee v. Ferraro*, 284 F.3d 1188, 1196 (11th Cir. 2002) ("[W]hen an officer makes an arrest, which is properly supported by probable cause to arrest for a certain offense, neither his subjective reliance on an offense for which no probable cause exists nor his verbal announcement of the wrong offense vitiates the arrest."); *see also United States v. Green*, 2015 WL 6755001 at * 3 (S.D. Ga. Nov. 4, 2015) ("[A] warrantless arrest is reasonable under the Fourth Amendment if the objective facts known to the officer establish probable cause to believe that *any* crime has been committed; the officer's 'subjective reason for making the arrest' is 'irrelevant' to the Fourth Amendment inquiry." (quoting *Devenpeck*, 543 U.S. at 153)). The propriety of the arrest turns, therefore, on whether there was *any* probable cause, not solely on whether the probation / supervised release status provided it.

based on report), *with* doc. 67 (Government response not contesting Bevans-Silva was arrested based on the report's information). The parties disagree, however, on their interpretation of the report. Bevans-Silva appears to argue that the warning not to arrest him applied to all of the information in the report, not just the information concerning his probation or supervised release status. *See* doc. 64 at 2 (noting that the information in the report "came with a blatant warning not to arrest, but, rather, to await confirmation from the issuing agency."). The Government, on the contrary, argues that the warning "came in an entirely different section of the . . . report . . . ," and "applies only to that particular section . . . ." Doc. 67 at 2. The Government argues (and Bevans-Silva cites nothing to contradict) that the unqualified portion of the report alone provided sufficient probable cause for his arrest. *See id.* at 1-2 (citing *United States v. McDonald*, 606 F.2d 552, 553-54 (5th Cir. 1979); *United States v. Roper*, 702 F.2d 984, 989 (11th Cir. 1983) (affirming *McDonald*'s holding that "'NCIC [information is] reliable enough to form the basis of the reasonable belief which is needed to establish probable cause for arrest.'")).

Here, the face of the report is consistent with the Government's construction. There is a clear distinction between the sections disclosing, on the one hand, that Bevans-Silva was wanted and possessed of violent tendencies and, on the other, that he had an outstanding probation issue. *See* doc. 64-1 at 4. Even crediting Bevans-Silva's argument that the warning precludes the probation information from supporting probable cause for his arrest, it is not clear that he contests that the other information isn't sufficient. He must clarify that contention and his basis for it.

Bevans-Silva also argues officers' search of his "bookbag" was excessive, regardless of whether there was probable cause for his arrest. *See* doc. 64 at 3. However, the propriety of the arrest and the search are inextricably linked. Bevans-Silva argues that officers were not authorized to search the bag, even incident to his arrest, because any weapons it might have contained were inaccessible once he was handcuffed and secured in the police car. *Id.* at 3-5. The Government responds, however, that even if the search was not permissible incident to the arrest, the discovery of the bag's contents was inevitable upon a routine inventory search. *See* doc. 67 at 2 (quoting *United States v.*

4

*Rhine*, 289 F.3d 690, 694 (11th Cir. 2002) (finding suppression of evidence was properly denied where "the officers inevitably would have discovered the evidence in a routine inventory search following [a suspect's] arrest.")). Given the ambiguity of Bevans-Silvas' dispute of the probable cause to arrest him, it is not clear whether and on what grounds he contests the Government's inevitable discovery argument.

Bevans-Silva is therefore **ORDERED** (within 14 days of the date this Order is served) to re-brief his motion and clarify the ambiguities discussed above, or withdraw it. The November 28, 2017, hearing is **CONTINUED** until further Order of this Court.

**SO ORDERED,** this 27th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA