# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR416-352-001 |
| | ) | |
| MICHAEL BEVANS-SILVA | ) | |
| | ) | |

# **ORDER**

After a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), the Court granted defendant Michael Bevans-Silva's request to proceed *pro se* in this criminal case but, with his approval, appointed standby counsel. Doc. 80. Shortly after that permission was granted, defendant accepted a plea offer from the Government and entered a guilty plea to Count 1 of the indictment. Doc. 86 (Plea Agreement); doc. 85 (Change of Plea). He further authorized his standby counsel to assist him in the sentencing phase of this proceeding. Doc. 92. Bevans-Silva has now filed several motions *pro se*, which he is entitled to do. *See* doc. 93; doc. 94; doc. 95; doc. 97.

Several of Bevans-Silva's motions object to his lack of access to legal research materials. Detainees, particularly where they are representing themselves, have a right of meaningful access to the courts,

which includes *some* right to legal research material. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Bowens v. Sikes*, 2017 WL 486266 at * 4 (S.D. Ga. Jan 4, 2017); *see also Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (deprivation of right to legal materials may create civil liability). To ensure that this right is protected, the Court requests that defendant's standby counsel look into this matter and take whatever steps are necessary to alert the appropriate jail officials of defendant's need for library access during this critical phase of his criminal case. His motion is therefore **DENIED as moot** (doc. 93), as the Court is confident that standby counsel's efforts to ensure that defendant has the appropriate access to the jail's library will be successful. Counsel, however, may report to the Court any concerns she may have that defendant is not receiving sufficient access to the jail library.

Bevans-Silva has also submitted two motions seeking "Brady Material." Doc. 94; doc. 95. Both of these motions seek a copy of a warrant this Court issued for his arrest. *See* doc. 4. There are several problems with this request. First, "*Brady* Material" is material arguably favorable to a defendant that the prosecution must disclose. *See, e.g., Wearry v. Cain*, \_\_\_ U.S. \_\_\_, 136 S. Ct. 1002, 1006 (2016) (citing, *inter*

2

*alia*, *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150, 153-154 (1972)).  It is not clear that the arrest warrant constitutes such material.  Even assuming that the material requested were (even arguably) *Brady* material, it is debatable whether the prosecution's duty under *Brady* survives a guilty plea.  *See, e.g., United States v. McCoy*, 636 F. App'x 996, 998, 998 n. 2 (11th Cir. 2016) (Eleventh Circuit "has not decided whether a guilty plea waives a *Brady* claim," and (in footnote) collecting cases from other circuits concerning whether a guilty plea automatically waives a *Brady* claim).  Finally, it is clear that the Government is well aware of its duty under *Brady*.  *See* doc. 63 at 2.  Accordingly, Bevans-Silva's motions are **DENIED**.  Doc. 94; doc. 95.  Nonetheless, the Clerk is **DIRECTED** to forward to Bevans-Silva a copy of the arrest warrant.  Doc. 4.

**SO ORDERED,** this 18th day of April, 2018.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA