# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | CR416-352 |
|  | ) |  |
| MICHAEL BEVANS-SILVA | ) |  |
|  | ) |  |

## ORDER

Michael Bevans-Silva has moved the Court for transcripts, prepared at public expense, of "all proceedings" in his case. *See* docs. 114 & 118 (seeking, in particular, a copy of the transcript for his sentencing on June 15, 2018). He has also filed a motion for leave to appeal *in forma pauperis*. Doc. 117. That motion is before the District Judge.

In the underlying criminal case, Bevans-Silva was permitted to proceed *pro se*, with standby-counsel.[1] *See* doc. 80. He then entered into a plea agreement with the Government and changed his plea to guilty. *See* doc. 85 (Change of Plea); doc. 86 (Plea Agreement). Judgment was entered

---

[1] At his sentencing, the Court indicated that his appointed stand-by counsel would continue her role in any appeal. *See* doc. 107 at 2.

on June 15, 2018. Doc. 108. Bevans-Silva filed his notice of appeal three days later.[2] *See* doc. 109.

Congress has provided for publicly-funded transcripts for indigent criminal defendants appealing their conviction. *See* 28 U.S.C. § 753(f) ("Fees for transcripts furnished . . . to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."). Given the present state of the record, the Court is unable to determine that publicly-funded transcripts are appropriate.

In the first place, courts have explained that "[a]n appeal may not be frivolous under the 'good faith' test of the [*in forma pauperis* statute and Fed. R. App. P. 24] and yet may be frivolous as not presenting a 'substantial question' for the purposes of Section 753(f)." *Linden v. Harper & Row Inc.*, 467 F. Supp. 556, 558 (S.D.N.Y. 1979). Further, the statute "contemplates that the appeal already has been certified [i]n forma pauperis and authorizes determination at that point of whether a free . . .

---

[2] There is no indication that stand-by counsel participated in the preparation of that notice.

transcript is warranted on the ground that 'the appeal is not frivolous (but presents a substantial question).'" *Id.*

Leave to appeal *in forma pauperis* has not been granted here. Further, Bevans-Silva's plea agreement contains an appeal waiver. *See* doc. 86 at 6. If that waiver is enforceable, it would render any appeal frivolous. Finally, his statements of the issues for appeal are threadbare, at best. *See* doc. 117 at 1 ("My issues on appeal are: Jurisdiction, Inaffective sufficient counsel [sic] & Any Constitutional Violation"). The abbreviated description and the substantive issues implicated[3] leave the

---

[3] Reference to an appeal on "jurisdictional" grounds particularly triggers the Court's concern. Throughout this case, Bevans-Silva has consistently taken positions typical of the so-called "Sovereign Citizen" movement. *See, e.g.,* doc. 31 at 2 (letter from Bevans-Silva to the Court stating he "do[es] not consent to be under the jurisdiction of any maritime or admiralty court of any land or government, nor do I consent to being addressed as a defendant, fiction, corporation or being identified in any color thereof."); doc. 25-2 at 1-2 (document captioned "Notice of Affidavit of Truth in the Nature of an Ascertion [sic] of Facts and a Challenge of Jurisdiction," stating "I Michael-Raymond:Bevans-Silva [sic] am not an Artificial Person, Corporation, Fiction or Trust like the Entity who is named as "Defendant" on indictment #CR416-352, and that the court has been notified of my standing as a Natural Man, a Private Man and separate entity from the "Defendant" and therefore as I am not the Defendant, there is no valid Jurisdiction over me as I am not the accused."). *But see* doc. 23 at 1 (letter from Bevans-Silva protesting he is not "an affiliate of any 'Sovereign Citizens' movement").

It is absolutely clear that arguments based on "sovereign citizen"-type reasoning, however they are described, are "attempts to delay judicial proceedings" and courts "have summarily rejected their legal theories as frivolous." *See United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013) (citing *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Roach v. Arrisi*, 2016 WL 8943290

Court with serious concerns about whether he will be permitted to pursue his appeal *in forma pauperis*.

Bevans-Silva's motions are, therefore, **DENIED**. Docs. 114 & 118. Should he be granted leave to appeal *in forma pauperis*, he is free to renew his request for transcripts. Any such motion should include sufficient information about the issues to allow the Court to make the determination required by § 753(f).

**SO ORDERED**, this 11th day of January, 2019.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia

---

at *2 (M.D. Fla. 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars") (cite omitted). His reference to himself as a "Natural Man" is typical of such sovereign-citizen theories. *Trevino v. Florida*, 687 Fed. Appx. 861, 862 (11th Cir. 2017) (dismissing as frivolous sovereign citizen lawsuit filed by a "living, breathing, flesh and blood human being"); *United States v. Alexio*, 2015 WL 4069160 *at* *3 (noting that sovereign citizens believe in a "somewhat mystical distinction between a 'person' and a 'human being'"). If Bevans-Silva's jurisdictional challenge presages his assertion of such theories, it seems likely they will be determined to be frivolous.