UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CR416-352 |
| | ) | CV419-132 |
| | ) | |
| MICHAEL BEVANS-SILVA, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the Court are the Government's motion to stay, doc. 128, defendant's motion to stay, doc. 129, defendant's motion to commence, doc. 132, and the Government's motion to dismiss, doc. 136. For the following reasons, the motion to dismiss should be **GRANTED** and all pending motions **DISMISSED AS MOOT**.[1]

## BACKGROUND

Proceeding *pro se*, defendant pleaded guilty to one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. 922(g). Doc. 85. He

---

[1] The Court is citing to the criminal docket in CR416-352 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

was sentenced to 63 months of incarceration and three years of supervised release.  Doc. 108.  He filed a notice of appeal three days after judgment was entered.  Doc. 109.  He filed the instant § 2255 motion shortly thereafter.  Doc. 121.  After he had filed his § 2255 motion, but before this Court had reached it, the Eleventh Circuit dismissed his appeal after plaintiff voluntarily withdrew it.  Doc. 131.  The two motions to stay should thus be, **DISMISSED AS MOOT.**  Doc. 128, doc. 129.  Likewise, the "Motion to Commence," doc. 132, should be **DISMISSED AS MOOT**.

Plaintiff now challenges his conviction arguing that his standby counsel was ineffective for failing to notify the jail officials of his need to use the prison law library.[2]  Doc. 121 at 4.  He asserts that, had his counsel done as directed by the Court, he would have learned that he could submit mitigating evidence on his own behalf prior to sentencing.  *Id.*  This sole circumstance is the basis for

---

[2] Defendant asserts that the Magistrate Judge directed standby counsel to notify officials that he needed to use the library on August 14, 2017.  Doc 121 at 4.  However, on that date the Court entered an order finding plaintiff competent to stand trial.  Doc. 42.  Instead, the Order directing standby counsel to address defendant's claims relating to his law library access was entered on April 18, 2018.  Doc. 101.  Moreover, the Court did not order standby counsel to ensure that defendant had access to the law library, it directed her to "alert the appropriate jail officials of defendant's need for library access."  Doc. 101.  Defendant also sought to amend his § 2255 motion, doc. 129, but his amendment merely proposes additional arguments that he asserts he would have made had he had access to the prison law library.  *Id.*  Defendant makes some argument that he should be entitled to challenge the enhancements applied to his case, but he does not explain how his enhancements were error, nor are they cognizable in a § 2255 motion.  *Spencer v. United States*, 773 F.3d 1132, 1138-39 (11th Cir. 2014).  Thus, it should likewise be **DISMISSED AS MOOT**.

his two claims. *Id.* The Government filed a motion to dismiss defendant's § 2255 motion. *See* doc. 136. The Government argues that defendant cannot bring a claim for ineffective assistance of standby counsel because there is no constitutional right to counsel when, as here, a defendant is proceeding *pro se.*

## ANALYSIS

"To prevail on a claim of ineffective assistance of counsel, a prisoner must prove that his counsel rendered deficient performance and that he was prejudiced by the deficient performance." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001). As the court has put it bluntly, "[a] typical IAC claim succeeds only where counsel has, metaphorically speaking, shot at the side of a barn yet missed." *See Lovett v. United States*, 2018 WL 4494201, at *4 n. 3 (S.D. Ga. Apr. 23, 2018) (citing *Sullivan v. Sec'y, Fla. Dept. of Corr.*, 837 F.3d 1195, 1205-06 (11th Cir. 2016). As to the prejudice prong, a defendant must show "that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *Matire v. Wainwright*, 811 F.2d 1430, 1434 (11th Cir. 1987) (same); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[A]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.  That the errors had some *conceivable* effect on the outcome of the proceeding is insufficient to show prejudice.").

However, there was no ineffective assistance of counsel in this case because *pro se* criminal defendants are not entitled to standby counsel when they decide to proceed *pro se* and are adequately informed of the consequences of doing so.  *Faretta v. California*, 422 U.S. 806 (1975).  Although the court *may* appoint standby counsel, there is no constitutional right to such hybrid representation.  *See McKaskie v. Wiggins*, 465 U.S. 168, 183 (1984) (noting "*Faretta* does not require a trial judge to permit 'hybrid' representation."). Indeed once a defendant elects to proceed *pro se*, he gains sole responsibility for his own defense.  *Faretta*, 422 U.S. at 835 n. 46 ("a defendant who represents himself has the entire responsibility for his own defense, even if he has standby counsel.  Such a defendant cannot thereafter complain that the quality of his defense was a denial of 'effective assistance of counsel.' "). It is well-recognized that "the inadequacy of standby counsel's performance, without the

defendant's relinquishment of his *Faretta* right, cannot give rise to an ineffective assistance of counsel claim under the Sixth Amendment." *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006); *accord United States v. Windsor*, 981 F.2d, 943, 947 (7th Cir. 1992); *United States v. Morrison*, 153 F.3d 34, 55 (2d Cir. 1998); *United States v. Oliver*, 630 F.3d 397, 414 (5th Cir. 2011);*United States v. Foster,* 230 F.3d 1364 (8th Cir. 2000).

In this case, defendant elected to proceed *pro se* shortly before a jury trial was set to proceed. Doc. 80. He was advised of the rights and the risks of self-representation, but determined that he would proceed on his own. *Id.* The Court appointed his counsel as standby counsel. *Id.* Shortly thereafter, he agreed to enter into a negotiated plea and ultimately plead guilty. Docs. 85, 86. His claim regarding ineffective assistance of counsel stems entirely from his assertion that his standby counsel failed to take steps to make the prison law library available to him and thus he did not adequately support himself at sentencing. Because he was not entitled to counsel once he chose to proceed *pro se* he is not entitled to raise a claim for ineffective assistance of counsel and his habeas motion must fail. Accordingly, the Government's motion to dismiss, doc. 136, should be **GRANTED**.

## CONCLUSION

In short, the Government's Motion to Dismiss, doc. 136, should be **GRANTED**, defendant's § 2255 motion should be **DISMISSED**, doc. 121, and all remaining motions, doc. 128, 129, & 132, should be **DISMISSED AS MOOT**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge

will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 24th day of March, 2021.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA